# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DENISE BURNS, | |
| Plaintiff, | |
| v. | |
| BOSTON SCIENTIFIC CORP., d/b/a/ and/or a/k/a MANSFIELD SCIENTIFIC, INC. and/or MICROVASIVE INC., *and,* | |
| GEOFFREY BOWERS, M.D., *and* | |
| GARDEN STATE OBSTETRICAL & GYNECOLOGICAL ASSOCIATES, *and,* | CASE NO. 1:18-CV-12323-RBK-AMD |
| AXIA WOMEN'S HEALTH a/k/a and/or d/b/a AXIA WOMEN'S HEALTH CARE CENTER, *and* | |
| VIRTUA HOSPITAL VOORHEES, *and* | |
| VIRTUA HEALTH, INC. a/k/a and/or d/b/a VIRTUA HEALTH SYSTEM, | |
| Defendants. | |

---

## DEFENDANT BOSTON SCIENTIFIC CORPORATION'S
## MOTION TO SEVER MEDICAL MALPRACTICE CLAIMS

---

COMES NOW Defendant Boston Scientific Corporation ("Boston Scientific") pursuant to Federal Rules of Civil Procedure 20 and 21, and respectfully moves this Court to sever Plaintiff's medical malpractice claims against Geoffrey Bowers, M.D., Garden State Obstetrical & Gynecological Associates, Axia Women's Health a/k/a and/or d/b/a Axia Women's Health Care Center, Virtua Hospital Voorhees and Virtua Health, Inc. a/k/a and/or d/b/a Virtua Health System (collectively, "Healthcare Provider Defendants").[1]

---

[1] Boston Scientific has also filed a Motion to Dismiss arguing that this Court should dismiss Plaintiff's claims against Boston Scientific for failure to state a claim upon which relief can be granted. [Dkt. No. 5]. This Court should consider that Motion to Dismiss first. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 588 (1999); *Sinochem Int'l Co. Ltd. v. Malaysia Int'l*

In the event that any claims remain against Boston Scientific following the Court's resolution of Boston Scientific's motion to dismiss, Boston Scientific requests that the Court sever the claims against it from those against the Healthcare Provider Defendants.  As discussed in Boston Scientific's Notice of Removal [Dkt. No. 1], incorporated herein, Plaintiff's medical malpractice claims against the Healthcare Provider Defendants are improperly joined in this product liability action because they do not arise out of the same transaction, occurrence, or series of transactions or occurrences; and also do not share common questions of law or fact.

For the reasons set forth in Boston Scientific's Notice of Removal [Dkt. No. 1] and Boston Scientific's Memorandum in Support of its Motion to Sever, both of which are incorporated herein by reference, Boston Scientific respectfully requests for severance and remand of the medical malpractice claims to the Superior Court of Camden County, New Jersey, while this Court retains federal diversity jurisdiction over Plaintiff's product liability claims against Boston Scientific.

A proposed Order granting the relief requested is submitted herewith for the Court's consideration.

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

Dated: August 21, 2018       By: _/s/ Joseph H. Blum_____
                 Joseph H. Blum, Esquire
                 KaSandra N. Rogiers, Esquire
                 Two Commerce Square
                 2001 Market Street, Suite 3000
                 Philadelphia, PA  19013
                 Phone:  215-278-2555
                 Fax:  215-278-2594
                 jblum@shb.com
                 krogiers@shb.com

                 ***Attorneys for Defendant Boston Scientific Corporation***

---

*Shipping Corp.*, 549 U.S. 422, 436 (2007). If this Court dismisses Plaintiff's claims, this Motion to Sever becomes moot.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DENISE BURNS, | |
| Plaintiff, | |
| v. | |
| BOSTON SCIENTIFIC CORP., d/b/a/ and/or a/k/a MANSFIELD SCIENTIFIC, INC. and/or MICROVASIVE INC., *and,* | |
| GEOFFREY BOWERS, M.D., *and* | |
| GARDEN STATE OBSTETRICAL & GYNECOLOGICAL ASSOCIATES *and,* | CASE NO. 1:18-CV-12323-RBK-AMD |
| AXIA WOMEN'S HEALTH a/k/a and/or d/b/a AXIA WOMEN'S HEALTH CARE CENTER, *and* | |
| VIRTUA HOSPITAL VOORHEES, *and* | |
| VIRTUA HEALTH, INC. a/k/a and/or d/b/a VIRTUA HEALTH SYSTEM, | |
| Defendants. | |

## DEFENDANT BOSTON SCIENTIFIC CORPORATION'S MEMORANDUM IN SUPPORT OF ITS MOTION TO SEVER AND REMAND MEDICAL MALPRACTICE CLAIMS

Boston Scientific Corporation ("Boston Scientific") hereby submits this Memorandum in Support of its Motion to Sever and Remand Plaintiff Denise Burns' ("Plaintiff") medical malpractice claims against Geoffrey Bowers, M.D., Garden State Obstetrical & Gynecological Associates, Axia Women's Health a/k/a and/or d/b/a Axia Women's Health Care Center, Virtua Hospital Voorhees and Virtua Health, Inc. a/k/a and/or d/b/a Virtua Health System (collectively, "Healthcare Provider Defendants").  In the event that any claims remain against Boston Scientific

following the Court's resolution of Boston Scientific's motion to dismiss,[2] Boston Scientific requests that the Court sever the claims against it from those against the Healthcare Provider Defendants for the following reasons:

*First*, Plaintiff's medical malpractice claims should be severed pursuant to Federal Rule of Civil Procedure 21, which permits this Court to sever any claim against a party improperly joined based on the joinder requirements under of Rule 20(a). Fed. R. Civ. P. 21 ("The court may also sever any claim against a party"); Fed. R. Civ. P. 20(a)(2) (outlining that defendants may be joined in one action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."). Plaintiff has failed to satisfy either requirement of Rule 20(a). The distinct nature of Plaintiff's products liability claims against Boston Scientific do not arise out of the same transaction or occurrence as the medical malpractice claims against the Healthcare Provider Defendants. Moreover, there exist no common questions of law or fact between the claims, and several other district courts facing similar facts have found medical malpractice claims improperly joined to product liability claims.

*Second*, this Court should sever the Healthcare Provider Defendants under its broader authority given by Rule 21 to drop even a properly joined party, in the interest of judicial expediency and justice. *See, e.g., Smith v. Hendricks*, 140 F. Supp.3d 66 (D.D.C. 2015) (finding improper joinder of healthcare defendants using Rule 20(a) analysis, and severing the claims under Rule 21 to retain jurisdiction of plaintiff's product liability claims against medical device

---

[2] As set forth fully in Boston Scientific's motion to dismiss (Dkt. No. 5), Plaintiffs failed to state a claim against Boston Scientific upon which relief can be granted, requiring dismissal of all claims against Boston Scientific.

678491 v3

manufacturer); *see also Cooke-Bates v. Bayer Corp.*, No. 3:10-cv-261, 2010 U.S. Dist. LEXIS 107996, at *12-13 (E.D. Va. Oct. 8, 2010) (holding that, where transferor district court severed claims against the healthcare provider as an indispensable party, failure to sever his claims from the product liability claims against manufacturer defendant, would "subject [defendant] to considerable prejudice"); *Joseph v. Baxter Int'l, Inc.*, 614 F. Supp. 2d 868, 873 (N.D. Ohio 2009) (finding, in product liability action against a drug manufacturer, that claims against the healthcare providers for medical malpractice should be severed from claims against the manufacturer to perfect diversity jurisdiction because the "inconvenience and potential prejudice to [defendant] . . . substantially outweigh the inconvenience and possible prejudice to the plaintiffs from remaining before [the district court]").   Severance of the dispensable Healthcare Provider Defendant claims will enable this Court to most efficiently and fairly resolve the claims against Boston Scientific.

## I.     BACKGROUND

Plaintiff filed this case in New Jersey state court against Boston Scientific and the Healthcare Provider Defendants, asserting that she was injured following two separate procedures involving Boston Scientific devices: (1) an "Obtryx Transobturator Mid-Urethral Sling System" ("Obtryx") on June 28, 2016, and (2) an "Uphold LITE Vaginal Support System" ("Uphold LITE") on March 2, 2017. *See* Compl. at ¶¶ 52, 82-83, Exhibit A to Notice of Removal, Dkt. No. 1. Plaintiff's claims against Boston Scientific are exclusively products liability claims based on strict liability, negligence, breach of warranty, and fraud theories of recovery.  *Id*.  Counts I to X.  To the contrary, Plaintiff's claims against the Healthcare Provider Defendants are based solely on medical negligence theories of recovery.  *Id*.  Counts XI to XII.  In her Complaint, Plaintiff alleges that she is a citizen of New Jersey, that Boston Scientific is a citizen of Delaware and

Massachusetts, and that the Healthcare Provider Defendants are citizens of New Jersey. *See* Compl., at ¶¶ 1-8.

Boston Scientific removed this case to the United States District Court for District of New Jersey on the basis of diversity jurisdiction, arguing that the Court should disregard citizenship of the Healthcare Provider Defendants because Plaintiff's claims against the Healthcare Provider Defendants are misjoined since they do not arise out of the "same transaction or occurrence" as her claims against Boston Scientific. *See* Notice of Removal, Dkt. No. 1. Boston Scientific argued that the court should sever and remand the claims against the Healthcare Provider Defendants and retain jurisdiction over the products liability claims asserted against them, consistent with recent district court rulings in analogous situations. *Id.* at pp.7-9 (discussing authorities).

In response to Boston Scientific's Notice of Removal, Plaintiff filed a motion seeking remand of the entire action to state court, arguing that the Healthcare Provider Defendants were properly joined in this action, and that severity unfairly prejudices Plaintiff. *See* Dkt. No. 6. For the reasons detailed in its Notice of Removal, and the reasons outlined below, Boston Scientific echoes its request for severance and remand, as Plaintiff has misjoined her medical malpractice claims to this products liability action.

## II.    DISCUSSION

### A.    This Court Has Broad Authority to Sever

This Court has implicit authority to sever under 28 U.S.C. § 1441(b). Specifically, Section 1441(b) allows removal when the parties who are "properly joined" are diverse. *See* 28 U.S.C. § 1441(b). In other words, under Section 1441(b), the Court must determine which parties are "properly joined." It follows that this Court must have the power to dispose of those parties that are improperly joined or misjoined.

- 4 -

**B.    Plaintiff's Medical Malpractice Claims are Improperly Joined Because they Arise from Distinct Transactions and Share No Questions of Fact or Law in Common**

Plaintiff's medical malpractice claims do not satisfy the permissive joinder requirements of Rule 20(a), which sets forth the standard by which this Court can determine whether multiple defendants are misjoined in one action. *See* Fed. R. Civ. P. 20(a)(2). In order to meet the test for proper joinder under the first prong of Rule 20(a), the claims against the Healthcare Provider Defendants and Boston Scientific must arise from "the same transaction, occurrence or series of transactions or occurrences." *Id*.

The basis for Plaintiff's medical malpractice claims against the Healthcare Provider Defendants are her care and treatment for urological complaints, beginning around June 2016. *See* Compl. at FACTS GIVING RISE TO LIABILITY. And the occurrences that serve as the gravamen of her medical malpractice claims are the surgical procedures performed on Plaintiff on June 28, 2016 and on March 2, 2017. *Id*. at ¶¶ 48, 82-83. By contrast, the basis for Plaintiff's product liability claims against Boston Scientific is that it knew or should have known about defects in its pelvic mesh products at issue. *See id generally* at Counts I to X *and* ¶¶ 33-47 (alleging misconduct by Boston Scientific between 1996 and 2012). Plaintiff's product liability allegations involve Boston Scientific's research, testing, and disclosure of alleged complications and adverse events. *See id*. Thus, the first prong of the Rule 20(a) requirements is not met because the claims arise from separate transactions and occurrences, at distinct time periods, and involving different actors.

The second prong of the Rule 20(a) requirements for joinder of defendants—that the action involves common questions of law or fact—is also not met in this case. The claims against the Healthcare Provider Defendants for medical malpractice are legally distinct from the products

- 5 -

liability claims against Boston Scientific.[3]  Any liability that may be found against the Healthcare Provider Defendants would not be a basis of liability against Boston Scientific.

Plaintiff's claims against the Healthcare Provider Defendants, compared to those against Boston Scientific, are also factually distinct.  The facts that will be involved in Plaintiff's claim that the Healthcare Provider Defendants did not comply with the standard of care when they treated and operated on Ms. Burns are entirely distinct from the facts that will be involved in Plaintiff's product liability claims against Boston Scientific.  Specifically, the medical malpractice claims require evidence regarding Plaintiff's care and treatment provided by Dr. Hendricks, while the products liability claims require evidence as to the development, manufacturer, and testing of Boston Scientific's pelvic mesh products at issue.  There simply exists no common questions of law or fact between the claims asserted against the Healthcare Provider Defendants and Boston Scientific.

Indeed, many Federal district courts have authorized severance of medical malpractice claims against "dispensable" healthcare defendants to allow product liability claims to remain in the district court.  *See e.g., Smith v. Hendricks*, 140 F. Supp. 3d 66 (D. D. C. 2015) (severing Plaintiff's medical malpractice claims against healthcare defendants and retaining jurisdiction over Boston Scientific in "accord[] with that of several other district courts that have considered the propriety of joinder in cases where medical malpractice claims were joined with product liability

---

[3] For example, the elements of an informed consent claim under New Jersey law are that (1) the physician failed to comply with the applicable standard for disclosure; (2) the undisclosed risk occurred and harmed the patient; (3) a reasonable person under the circumstances would not have consented and submitted to the procedure had he been so informed; and (4) the procedure was a proximate cause of plaintiff's injuries.  *See Newmark –Shortino v. Buna*, 427 N.J. Super. 285, 304 (App. Div. 2012).  Thus, what Boston Scientific knew, when Boston Scientific knew it, and what Boston Scientific disclosed to the medical community are irrelevant to Plaintiff's informed consent claim against the Healthcare Provider Defendants.

678491 v3

claims."); *Joseph v. Baxter Int'l, Inc.*, 614 F. Supp. 2d 868, 873 (N.D. Ohio 2009) (in product liability action against manufacturer of Heparin, MDL court found that claims against the healthcare providers for medical malpractice should be severed from claims against the manufacturer to perfect diversity jurisdiction because the "inconvenience and potential prejudice to . . . [Defendants] substantially outweigh[s] the inconvenience and possible prejudice to the plaintiffs from remaining before . . . [the MDL]"); *Cooke-Bates v. Bayer Corp.*, No. 3:10-cv-261, 2010 WL 3984830 at *4 (E.D. Va. Oct. 8, 2010) (transferor district court severed the claims against the healthcare provider because he was not an indispensable party, the claims centered on product liability claims against the manufacturer, and failure to sever his claim would "subject . . . [Defendant] to considerable prejudice"). *See also* Notice of Removal, Dkt. No. 1 at pp. 7-9 (listing cases).

### C.    Severance Will Prevent Delay or Prejudice, and Promote Judicial Economy

Even if this Court determines that all of the defendants have been properly joined, it still has the authority to sever the medical malpractice claims against dispensable Healthcare Provider Defendants from the product liability claims against the diverse Product Liability Defendants under Rule 21. FED. R. CIV. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party.").  Federal courts may exercise their authority under Rule 21 in furtherance of their jurisdiction.  *See, e.g.*, *See Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 572, 124 S. Ct. 1920 (2004) ("it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time"); *Bhatla v. U.S. Capital Corp.*, 990 F. 2d 780, 786 (3d Cir. 1993) ("we exercise our discretion pursuant to Fed. R. Civ. P. 21 to dismiss the action against the nondiverse, dispensable parties so that it otherwise may continue.").

The Healthcare Provider Defendants can be severed pursuant to Rule 21 because they are dispensable parties as defined by Federal Rule of Civil Procedure 19. *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412 (3d Cir. Jan. 15, 2010) ("Our ability to dismiss a party [under Rule 21] thus turns on whether that party is dispensable to the litigation….Whether a party is dispensable is determined by Rule 19(b)."); *see also* Fed. R. Civ. P. 19 (Required Joinder of Parties). Their absence from this case will not impede their ability to protect their interest, or subject them to a "substantial risk of incurring double, multiple, or otherwise inconsistent obligations." *Id.*

Importantly, severance would allow this Court to focus on the issues germane to Plaintiff's claims against Boston Scientific, namely the manufacturer and design of the devices at issue without the distraction of unrelated issues concerning Plaintiff's claims of alleged substandard care, mistreatment, and failure to provide informed consent. This Court would not be alone in severing medical malpractice claims from the product liability claims in order to efficiently and fairly resolve the claims against Boston Scientific. *See, e.g., Smith v. Hendricks*, 140 F. Supp.3d 66 (D.D.C. 2015) (finding improper joinder of healthcare defendants using Rule 20(a) analysis, and severing the claims under Rule 21 to retain jurisdiction of plaintiff's product liability claims against medical device manufacturer); *see also Cooke-Bates v. Bayer Corp.*, No. 3:10-cv-261, 2010 U.S. Dist. LEXIS 107996, at *12-13 (E.D. Va. Oct. 8, 2010) (holding that, where transferor district court severed claims against the healthcare provider as an indispensable party, failure to sever his claims from the product liability claims against manufacturer defendant, would "subject [defendant] to considerable prejudice"); *Joseph v. Baxter Int'l, Inc.*, 614 F. Supp. 2d 868, 873 (N.D. Ohio 2009) (finding, in product liability action against a drug manufacturer, that claims against the healthcare providers for medical malpractice should be severed from claims against the manufacturer to perfect diversity jurisdiction because the "inconvenience and potential prejudice

- 8 -

to [defendant] . . . substantially outweigh the inconvenience and possible prejudice to the plaintiffs from remaining before [the district court]").

In this case, there will be many disparate questions of fact and law for the Court to address as to Boston Scientific versus the Healthcare Provider Defendants. *See* Compl. at Counts I – X, and XI – XII. Trying so many disparate claims in a single proceeding is simply unworkable and threatens to prejudice every party involved. In addition, joinder of Plaintiff's claims here would be contrary to the purposes of the permissive joinder rule, which on its face exists to prevent the delay and prejudice of requiring a party to be "put to expense by the inclusion of a party against whom the party asserts no claim and who asserts no claim against the party." Fed. R. Civ. P. 20. Because this Court has the power to sever claims to prevent delay or prejudice or to promote expedition and judicial economy, that power should be exercised here.

**III.    CONCLUSION**

For all of the foregoing reasons, Boston Scientific respectfully requests that this Court sever and remand Plaintiff's medical malpractice claims against the Healthcare Provider Defendants and retain jurisdiction over the product liability claims against Boston Scientific.

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

Dated:  August 21, 2018                         By:  */s/ Joseph H. Blum*
                                                        Joseph H. Blum, Esquire
                                                        KaSandra N. Rogiers, Esquire
                                                        Two Commerce Square
                                                        2001 Market Street, Suite 3000
                                                        Philadelphia, PA  19013
                                                        Phone:  215-278-2555
                                                        Fax:  215-278-2594
                                                        jblum@shb.com
                                                        krogiers@shb.com

                                                        *Attorneys for Defendant Boston Scientific*
                                                        *Corporation*

678491 v3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 21, 2018, a true and correct copy of the foregoing Defendant Boston Scientific Corporation's Motion to Sever Medical Malpractice Claims was electronically filed with the Clerk for the District of New Jersey by using the CM/ECF system, which will provide notice to all attorneys of record.

By: */s/ Joseph H. Blum*
     Joseph H. Blum

***Attorneys for Defendant Boston Scientific Corporation***

678491 v3