IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DENISE BURNS,<br><br>          Plaintiff,<br><br>      v.<br><br>BOSTON SCIENTIFIC CORP., d/b/a/ and/or a/k/a MANSFIELD SCIENTIFIC, INC. and/or MICROVASIVE INC., *and,*<br><br>GEOFFREY BOWERS, M.D., *and*<br><br>GARDEN STATE OBSTETRICAL & GYNECOLOGICAL ASSOCIATES *and,*<br><br>AXIA WOMEN'S HEALTH a/k/a and/or d/b/a AXIA WOMEN'S HEALTH CARE CENTER<br><br>VIRTUA HOSPITAL VOORHEES, *and*<br><br>VIRTUA HEALTH, INC. a/k/a and/or d/b/a VIRTUA HEALTH SYSTEM *and*<br><br>          Defendants. | CASE NO. 1:18-CV-12323-RBK-AMD |

**DEFENDANT BOSTON SCIENTIFIC CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**

Defendant Boston Scientific Corporation ("Boston Scientific") hereby submits its Memorandum of Law in Opposition to Plaintiff Denise Burns' ("Plaintiff") Motion to Remand and incorporates the arguments and authorities set forth in its Notice of Removal [Dkt. No. 1] and Motion to Sever [Dkt. No. 10], by reference. In support of its Opposition, Boston Scientific states as follows:

**INTRODUCTION**

Boston Scientific's removal of this case was proper because Plaintiff improperly joined defendants Geoffrey Bowers, M.D., Garden State Obstetrical & Gynecological Associates, Axia Women's Health a/k/a and/or d/b/a Axia Women's Health Care Center, Virtua Hospital Voorhees

and Virtua Health, Inc. a/k/a and/or d/b/a Virtua Health System, (collectively, "Healthcare Provider Defendants") as parties to this action. Because the Healthcare Provider Defendants are improperly joined, their consent to removal is not required. Therefore, Plaintiff's positon that Boston Scientific failed to satisfy the consent requirement of 27 U.S.C. § 1446(b)(2) is misplaced. By disregarding the citizenship of the improperly joined parties, this Court has original subject matter jurisdiction under 28 U.S. C. § 1332 because (1) there is complete diversity of citizenship between Plaintiff and Boston Scientific and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

Accordingly, Boston Scientific's removal of this action from the Superior Court of Camden County, New Jersey to the U.S. District Court for the District of New Jersey was proper, and Plaintiff's Motion to Remand should be denied. And, for the reasons set forth in Boston Scientific's Notice of Removal and Motion to Sever, this Court should instead sever and remand the Healthcare Provider Defendants' claims and retain jurisdiction over Boston Scientific.

## **PROCEDURAL HISTORY**

1. Plaintiff filed this action on June 25, 2018, in the Superior Court of the New Jersey for Camden County, asserting product liability claims against Boston Scientific and medical malpractice claims against the Healthcare Provider Defendants to recover for injuries she allegedly incurred after she was implanted with (1) the "Obtryx Transobturator Mid-Urethral Sling System" ("Obtryx") on June 28, 2016, and (2) the "Uphold LITE Vaginal Support System" ("Uphold LITE") on March 2, 2017. *See* Compl. at ¶¶ 52, 82-83. Plaintiff served Boston Scientific with her Complaint on July 2, 2018.

2. On August 1, 2018, Boston Scientific timely removed this case to the U.S. District Court for the District of New Jersey on the basis of diversity jurisdiction, arguing that the Court should disregard citizenship of the Healthcare Provider Defendants because Plaintiff's claims

680178 v2

against the Healthcare Provider Defendants are misjoined since they do not arise out of the "same transaction or occurrence" as her claims against Boston Scientific. [Dkt. No. 1]. Boston Scientific argued that this Court should sever and remand the claims against the Healthcare Provider Defendants and retain jurisdiction over the products liability claims asserted against them, consistent with recent district court rulings in analogous situations. *Id*. at pp. 7-9 (discussing authorities).

3.  On August 8, 2018, Boston Scientific filed a motion to dismiss Plaintiff's entire complaint for failure to state a claim against Boston Scientific. [Dkt. No. 5].

4.  Plaintiff filed her Motion to Remand ("Remand") on August 8, 2018, seeking remand of all claims in this action back to the Superior Court of Camden County, New Jersey. [Dkt. No. 6].

## ARGUMENT AND AUTHORITIES

### I.  Boston Scientific's Removal Was Proper

Plaintiff argues that Boston Scientific's removal of this action is procedurally defective because Boston Scientific did not properly secure the consent of the non-diverse Healthcare Provider Defendants, pursuant to 28 U.S.C. § 1446(b)(2). *See* Remand Mem. at p. 1. [Dkt. No. 6]. Plaintiff's argument is misplaced.

Federal removal procedure only requires *properly joined* defendants to consent to the removal of an action. 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been *properly joined* and served must join in or consent to the removal of the action.") (emphasis added).

Yet Plaintiff entirely disregards that Courts across the country, when faced with similar facts, have held removals to be proper where consent is not obtained from improperly joined defendants. *See, e.g., Escalante v. Deere & Co.*, 3 F. Supp. 3d 587, 590 (S.D. Tex. 2014) ("It is

- 3 -

clear that . . . consents are not required if the removing defendant can show that the non-consenting defendants were improperly joined."); *Flores-Duenas v. Briones*, No. CIV 13-0660, 2013 WL 6503537, at *35 (D.N.M. Dec. 1, 2013) ("The Court also agrees that procedural misjoinder is an exception to the normal rule requiring all defendants to consent to removal."); *Flores v. Ethicon, Inc.*, No. 2:12-CV-01804, 2013 WL 1561115, at *4 (S.D.W. Va. Apr. 10, 2013) *aff'd*, 563 F. App'x 266 (4th Cir. 2014) ("Although typically all defendants must consent to removal, this rule does not apply to fraudulently joined defendants."); *Gardner v. Cooksey*, No. 2:11CV255KS-MTP, 2012 WL 968026, at *4 (S.D. Miss. Mar. 21, 2012) ("The very first exception provides that "[c]onsent to removal is not required from ... improperly or fraudulently joined parties."); *Augustine v. Emp'rs Mut. Cas. Co.*, No. 2:08-cv-1102, 2010 WL 4930317, at *17 (W.D. La. Nov. 30, 2010) (noting that the consent of non-diverse defendants is "unnecessary" where severance and remand pursuant to Rule 21 is appropriate); *Fleming v. United Teachers Assocs. Ins. Co.*, 250 F. Supp. 2d 658, 663 (S.D.W. Va. 2003) ("While the general rule requires all defendants to join in a removal petition, an exception is made in the case of fraudulent joinder."). Because the Healthcare Provider Defendants are improperly joined to this action, their consent to removal is not required. *See* Notice of Removal at ¶ 53, [Dkt. No. 1].

Here, Boston Scientific's removal is premised on the fact that the Healthcare Provider Defendants, despite being citizens of New Jersey, are *not* properly joined to this action. As such, the Healthcare Provider Defendants need not consent to removal in order for it to remain procedurally viable. *See* Notice of Removal [Dkt. No. 1].

II. **Plaintiff's Medical Malpractice Claims against the Healthcare Provider Defendants and Product Liability Claims against Boston Scientific Fail to Meet the Rule 20(a) Standards for Permissive Joinder**

As plainly established by Plaintiff's own concessions, Plaintiff's medical malpractice claims against the Healthcare Provider Defendants do not arise out of the same transaction or

occurrence as the products liability claims against Boston Scientific. *See. e.g.,* Remand Motion at 3-5 (discussing nature of product liability actions compared to medical malpractice allegations); Complaint at ¶¶ 33-47 (listing factual allegations of Boston Scientific misconduct as occurring between 1996 and 2012); Counts I to X (product liability allegations against Boston Scientific), Counts XI to XII (medical malpractice allegations against Healthcare Provider Defendants). Nonetheless Plaintiff ignores the series of opinions from Federal district courts concluding that medical malpractice claims do not arise from the same transaction or occurrence as product liability claims relating to drugs or devices associated with plaintiff's alleged injury. *See* Notice of Removal at n.4.[1]

Plaintiff's allegations throughout her Complaint and Motion to Remand also unmistakably show that her claims against the Healthcare Provider Defendants are temporally, legally and factually distinct from her claims against Boston Scientific. *See* Compl. at ¶¶ 33-47 (listing factual allegations relating to Boston Scientific conduct occurring between 1996 and 2012); Dkt. 6, Remand at pp. 4-5 (distinguishing the nature of the products liability actions from the professional negligence action). The alleged conduct at issue for the product liability claims necessarily took place *years* before the alleged negligent medical care at the hands of the Healthcare Provider Defendants. *See* Notice of Removal at ¶¶ 22-23. Because Plaintiff's disparate claims fail to meet Rule 20's permissive joinder requirements, joinder of those claims is improper.

---

[1] Citing to *In re Stryker Rejuvenate & ABG II Hip Implant Products Liab. Litig.,* No. Civ. 13–1811 DWF/FLN, 2013 U.S. Dist. LEXIS 17513 at *4 (D. Minn. Dec. 12, 2013) ("The joinder of any malpractice, negligence, or misrepresentation claim against the Hospital Defendants with the other product liability claims (that are properly asserted against the device manufacturer) is inappropriate because the claims do not both involve common questions of law or fact and assert joint, several, or alternative liability 'arising out of the same transaction, occurrence, or series of transactions or occurrences.'") (quoting Fed. R. Civ. P. 20(a)); *Hughes*, 2009 U.S. Dist. LEXIS 82550, at *6 (concluding that product liability claims were improperly joined to medical malpractice claims); *Sutton v. Davol,* 251 F.R.D. 500, 505 (same); *In re Guidant Corp. Implantable Defibrillators Products Liab. Litig.,* No. Civ. 07–1487 DWF/AJB, 2007 U.S. Dist. LEXIS 64942 (D. Minn. Aug. 30, 2007) (medical malpractice claim improperly joined to products liability claim because claims did not arise from same transaction or occurrence)).

### III. Plaintiff's Arguments Continue to Overlook and Confuse This Court's Authority to Sever

Plaintiff's remand arguments rely heavily on cases in which a defendant has asserted fraudulent joinder—a doctrine not at issue in this case.[2] Although she attempts to re-frame Boston Scientific's arguments through the expansive and complex "fraudulent joinder" (rather than procedural misjoinder or improper joinder) doctrine, Plaintiff does not contest that, under Rule 21, this Court has the power to drop a non-diverse, dispensable party, as well as a properly joined party, from this case. *See* Notice of Removal, at 6.

Plaintiff misrelies on *Saviour and Massaro* and ignores the pertinent case law, including *Smith*, and relies on cases that defeat her own argument that the Healthcare Provider Defendants must be indispensable parties. *See Smith v. Hendricks*, 140 F. Supp. 3d 66, (D.D.C. 2015) (finding improper joinder of healthcare defendants using Rule 20(a) analysis, and severing the claims under Rule 21 to retain jurisdiction of plaintiff's product liability claims against medical device manufacturer); *Saviour v. Stavropoulos*, 2015 U.S. Dist. LEXIS 150793 at *11-*12 (E.D. Pa. Nov. 5, 2015) ("On the first prong of the [Rule 21] test,[3] the Court agrees with defendants that [medical provider defendant] is a dispensable party); *Massaro v. Bard Access Sys.*, 2002 U.S. Dist. LEXIS 16263 at **6 (E.D. Pa. Aug. 28, 2002) (finding that healthcare defendants were not indispensable parties whose joinder was mandatory).

---

[2] Fraudulent joinder and procedural misjoinder are two separate doctrines. "Procedural misjoinder occurs when the party has no procedural basis for joining the claims. In other words, a plaintiff that is joined may have a claim against one of the defendants, but it does not arise out of the same transaction or occurrence as the other plaintiffs. Put simply, procedural misjoinder occurs when there is no reason to join the claims, and fraudulent joinder occurs when there is no claim." Harmon, Jason, Comment, *Procedural Misjoinder: The Question for a Uniform Standard,* 62 Kansas L. Review 1429 (2015). *See also, e.g., Smith v. Hendricks*, 140 F. Supp. 3d 66, 73-75 (discussing the distinct methods of assessing a claim of "fraudulent joinder" versus "misjoinder").

[3] "In sum, the analysis for severing a party pursuant to Rule 21 in order to preserve diversity jurisdiction proceeds in two steps: (1) the party to be severed must be dispensable; and if so (2) the Court must assess whether severing would prejudice any of the parties in the litigation." *Saviour*, 2015 U.S. Dist. LEXIS 150793 at *11.

Similar to the present case, *Saviour* was a products liability and medical malpractice action initiated against a medical device manufacturer and the plaintiff's treating physician in the Court of Common Pleas of Philadelphia County, Pennsylvania. *Saviour v. Stavropoulos*, 2015 U.S. Dist. LEXIS 150793. The device manufacturer defendant removed the action to the Eastern District of Pennsylvania and, upon removal, sought to sever and remand the medical malpractice claims against the physician. *Id*. at *6 - *8. Arguing that the court held authority under Rule 21 to sever and remand dispensable parties, the manufacturer defendant sought to sever and remand the medical malpractice claims, and then transfer the product liability action to an MDL pending in the District of Arizona. *Id*. at *10-*12. The *Saviour* court applied the Rule 21 test and agreed that the healthcare defendant was not a dispensable party. *Id.* at *12. However, before ordering remand it weighed heavily the inconvenience to plaintiff of having to litigate on opposite ends of the country—in both Philadelphia and Arizona. *Id*. at *11 - *13 (finding that severance will prejudice plaintiff who "would have to litigate her claims against [healthcare defendant] in Pennsylvania state court while simultaneously litigating her claims against the Bard Defendants in the MDL centralized in the District of Arizona."). In weighing the potential prejudice to the parties, the *Saviour* court was faced with the prospect of the plaintiff needing to litigate against the manufacturer in an MDL in Arizona, and a doctor in Pennsylvania state court.

These particular facts in *Saviour* that informed the court's considerations of prejudice do not exist in the present case. As mentioned in Boston Scientific's Notice of Removal, the JPML is no longer transferring cases to the Boston Scientific pelvic mesh MDL. Notice of Removal, Dkt. No. 1. at n.3. Thus, there exists no impending transfer to another state that would impose such burden on Plaintiff here, as was recognized in *Saviour*. Remand would not be not a remedy here to reduce the burden of litigating concurrent actions in federal and state forums on opposite coasts.

680178 v2

The plaintiff in *Massaro* also filed a products liability action against a medical device manufacturer in the Philadelphia Court of Common Pleas, which the defendant removed to the U.S. District Court for the Eastern District of Pennsylvania. *Id.* at *2 - *3. Notably, in *Massaro*, the plaintiff had already instituted a separate state court action against the medical practitioner defendants. In attempt to consolidate the product liability action with the state medical malpractice previously under way, the plaintiff filed the action against the manufacturer. Following removal, in order to remain in state court, the plaintiff filed a motion to join nondiverse medical practitioners to the action and to remand the action to state court. In considering the propriety of joinder of nondiverse medical practitioners to a products liability action, the *Massaro* court held that the medical practitioners "are not necessary or indispensable parties." *Massaro,* 2002 U.S. Dist. LEXIS 16263 **5 - **7.

Although the *Massaro* court ultimately found joinder and remand appropriate in that case, the calculations of judicial economy necessarily involve variables not present in the instant case. Unlike in *Massaro*, remand here would not serve to simplify previously existing litigation, as Plaintiffs have not claimed to have related litigation already under way. Both claims against the Healthcare Provider Defendants and those against Boston Scientific share the identical procedural posture.

Absent from Plaintiff's arguments is any compelling or exceptional reason why a judgment rendered in this case in the Healthcare Provider Defendants' absence would be prejudicial or inadequate. In fact, as previously discussed by Boston Scientific, severance would allow the Court in this action to focus on the issues germane to Plaintiff's claims against Boston Scientific—the manufacture and design of the device at issue—without the distraction of issues relating to Plaintiff's claims of alleged substandard care and treatment by dispensable parties.

## CONCLUSION

Boston Scientific's removal of this action is procedurally and substantively appropriate. Federal removal procedure requires consent only from "defendants who have been *properly joined and served.*" 28 U.S.C. § 1446(b)(2)(A) (emphasis added). The Healthcare Provider Defendants have not been properly joined and, therefore, they need not consent. For these reasons, and the reasons set forth in Boston Scientific's Notice of Removal and Motion to Sever, the Court should deny Plaintiff's Motion to Remand.

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

Dated:  August 21, 2018

By: */s/ Joseph H. Blum*
　　Joseph H. Blum, Esquire
　　KaSandra N. Rogiers, Esquire
　　Two Commerce Square
　　2001 Market Street, Suite 3000
　　Philadelphia, PA  19013
　　Phone:  215-278-2555
　　Fax:  215-278-2594
　　jblum@shb.com

***Attorneys for Defendant Boston Scientific Corporation***