**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

_____ )
DENISE BURNS,                                          )
                                **Plaintiff**,          )          Civil No. 18-12323 (RBK/AMD)
           v.                                         )          **Opinion**
                                                       )
BOSTON SCIENTIFIC CORP. dba and/or aka MANSFIELD       )
SCIENTIFIC, INC., and/or MICROVASIVE, INC.,            )
     Hereinafter the Removing Defendants,      AND   )
                                                       )
GEOFFREY BOWERS, M.D.;                                 )
                                                       )
GARDEN STATE OBSTETRICAL & GYNECOLOGICAL               )
ASSOCIATES;                                            )
                                                       )
AXIA WOMEN'S HEALTH aka and/or dba                     )
AXIA WOMEN'S HEALTH CARE CENTER;                       )
                                                       )
VIRTUA HOSPITAL VOORHEES; and                          )
                                                       )
VIRTUA HEALTH aka and/or dba VIRTUA HEALTH SYSTEM,     )
     Hereinafter the Healthcare Provider Defendants,  )
                                                       )
Removing AND Healthcare Provider Defendants            )
                                                       )
               Together comprising                 )
                            **Defendants**.       )
_____ )

**KUGLER,** United States District Court Judge

      This is a personal injury action brought by Denise Burns [ "plaintiff"] against Boston Scientific Corp, et al. [together "defendants"]. Before the Court are the following:
- defendants' motion under Federal Rule of Civil Procedure ["Fed. R. Civ. P." or "Rule"] 12(b)(6) for failure of plaintiff's complaint to state a claim (ECF Doc. 5);
- plaintiff's motion to remand this action to the Camden County Superior Court (ECF Doc. 6);
- removing defendants' motion under Rules 20 and 21 to sever the medical malpractice claims against the healthcare provider defendants (ECF Doc. 10).

      The Court considered both motions without oral argument pursuant to Local Civil Rule ["L. Civ. R."] 78.1. The Court having considered the parties' submissions in support of and opposing the

1

motions, and for the reasons below, plaintiff's motion to remand is **GRANTED** for lack of federal jurisdiction. Consequently, the Court refrains from deciding the motions to dismiss and to sever the medical malpractice claims.

In her motion to remand, Plaintiff also seeks an award of attorneys' fees and costs incurred by removing defendants' removal to federal court. For the reasons below, the Court **DECLINES TO IMPOSE ATTORNEYS' FEES AND COSTS** on the removing defendants.

An appropriate Order accompanies this Opinion.

## 1.0 BACKGROUND AND PROCEDURE

On 25 June 2018, plaintiff filed a complaint in the Superior Court of New Jersey for Camden County ["state court action"] against all defendants seeking product liability claims against Boston Scientific and Microvasive ["removing defendants"] and medical negligence claims against the healthcare provider defendants ["HPDs"]. Plaintiff alleges she was injured because of two surgical procedures done by the HPDs to implant into her body two separate medical devices manufactured by removing defendants. On 29 June 2018, plaintiff served the complaint on the HPDs, and on 2 July 2018, on removing defendants. Within the removal statute deadline, on 1 August 2018, the removing defendants removed the state court action to this Court.

On 8 August 2018, removing defendants filed a motion to dismiss under Rule 12(b)6) (ECF Doc. 5); on 21 August 2018, plaintiff filed an opposition (ECF Doc. 7); on 28 Aug 18, removing defendants filed a reply (ECF Doc. 13).

Also, on 8 August 2018, plaintiff filed a motion to remand this action back to Camden County Superior Court [ECF Doc. 6]; on 21 August 2018, removing defendants filed their opposition.

On 21 August 2018, removing defendants filed a motion to sever the HPDs (ECF Doc. 10); on 4 September 2018, plaintiff filed her opposition.

On 26 November 2018, by consent of the parties, discovery was stayed until a decision was rendered on the motions to remand and to sever.

## 2.0 PARTIES' CONTENTIONS IN THE MOTION TO REMAND

As the motion to remand calls into question federal court jurisdiction over this action, deciding either the motion to remand or the motion to sever first will govern the Court's action in the other pending motions. Ultimately, both the motion to remand and the motion to sever depend on whether the HPDs were properly joined in plaintiff's state court action under the permissive joinder requirements of Rule 20(a). Plaintiff argues these were properly joined, while, in their motion to sever, removing defendants assert improper joinder.

### 2.1 Plaintiff

Since plaintiff asserts the HPDs were properly joined in the state court action, she argues no federal jurisdiction obtains over this action for two reasons. First, her complaint alleges only state law claims of product liability, failure to warn, design defect, medical negligence, etc. and cannot support subject matter jurisdiction, leaving only the parties' diversity as jurisdictional basis. *28 U.S. Code §1332(a)(1)*.

To establish diversity, the Court compares the citizenship of the plaintiff with that of each defendant. The plaintiff is a citizen of, and resides in, New Jersey. The removing defendants are citizens of Delaware or Massachusetts. Each healthcare provider defendant is a citizen of New Jersey[1]. Accordingly, plaintiff argues that removal under *28 U.S. §1441* was improper because the requirements of *28 U.S.C. 1332(a)* were unmet. Plaintiff also maintains removal to this Court was procedurally deficient because removing defendants did not obtain consent from the HPDs prior to removal, as required under *28 U.S. 1446(b)(2)(A)*.

In defending against the motion to sever the HPDs, plaintiff contends the HPDs are indispensable parties under Rule 19; but her argument is not a model-of-clarity. In essence, plaintiff relies on Rule 21 to state that, in this action, HPDs must be found dispensable in order to be severed, and asserts, without more, they cannot be so categorized because severing them creates the risk of inconsistent and unjust verdicts.

Plaintiff's argument that HPDs were properly joined under Rule 20 and N.J. Court Rules 4:28 - 4:29 is more easily followed and relies on the assertion that product liability claims and the medical negligence claims necessarily arise out of the same transaction, namely, the implantation by the HPDs of the medical devices manufactured by removing defendants. Plaintiff contends although the different classes of defendants—the medical device manufacturers vs. the health care providers-- may be liable under different causes of action, liability nonetheless depends on the same transaction, namely, the implantation of a medical device that was defectively designed and defectively warned about, which necessarily contributes to the negligent surgical conduct. She avers discovery as to design defect, failure to warn, product liability and medical negligence will necessarily involve seeking inter-related information from both classes of defendants. Thus, plaintiff alleges the HPDs were properly joined and were neither notified nor consented to the removal.

Plaintiff further argues severing her claims against the HPDs before resolving this Court's jurisdiction over this action will unfairly prejudice her. She acknowledges severing a party is

---

[1] GEOFFREY BOWERS, M.D. is located in Voorhees, New Jersey; GARDEN STATE OBSTETRICAL & GYNECOLOGICAL ASSOCIATES is a subsidiary of Axia Women's Health and located in Voorhees, New Jersey; AXIA WOMEN'S HEALTH and/or AXIA WOMEN'S HEALTH CARE CENTER as well as VIRTUA HOSPITAL VOORHEES, VIRTUA HEALTH, INC. and/or VIRTUA HEALTH SYSTEM are all headquartered in New Jersey.

within the court's jurisdiction under Rule 21 but also points out that, under Rule 19(a), parties must be joined when a court could not "accord complete relief among existing parties" without the possibility of "incurring ...multiple, or otherwise inconsistent obligations." *Rule 19(a)1(A)ii*.

## 2.1    Removing Defendants

Removing defendants argue, since plaintiffs improperly joined the HPDs in her state action complaint, not only was removal proper but this Court should first sever the HPDs from this action, which would then preserve diversity jurisdiction and result in a denial of plaintiff's motion to remand. They contend HPDs are improperly joined as the medical negligence claims against the HPDs do not satisfy the requirements of permissive joinder under Rule 20(a)(2). They cannot arise from the same transaction as the product liability claims because 1) the alleged design defect and failure to warn occurred earlier than the implantation of the medical device, concern different conduct, and cannot implicate judicial economy in discovery; and, 2) plaintiff will not be prejudiced if the HPDs are severed because both the state and federal actions would still proceed in nearby New Jersey courts.
.

## 3.0    STANDARDS

The Court agrees with both parties that the key to deciding whether to sever first or to remand first is resolution of the permissive joinder under Rule 20(a)2 of the HPDs.   As a preliminary matter, this Court acknowledges these motions do not implicate either fraudulent joinder or fraudulent misjoinder[2] but improper joinder pursuant to the interplay of the removal statute 28 U.S.C. § 1441 and Rules 19, 20, and 21.

## 3.1    Removal

Federal statute, *28 U.S.C. § 1441*, governs removal of a civil action from state to federal court.  Such statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer v. Snap–on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) [internal quotation marks and citation omitted].  The removing party has the burden to prove that federal jurisdiction is proper at all stages of the litigation. *See Samuel–Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

---

[2] Under the fraudulent joinder exception to the removal statute, if the non-diverse defendant is found to be "fraudulently" joined, citizenship of that defendant may be ignored and the action removed. *Chesapeake & Ohio Railway v. Cockrell,* 232 U.S. 146, 147 (1914).  1A Moore's Federal Practice ¶ 0.161[2] articulates the fraudulent joinder standard: if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to settled rules of the state. But, if there is a real possibility plaintiff has stated a cause of action, the joinder is not fraudulent, and the cause should be remanded.  "Fraudulent joinder" requires no showing of "conventional" fraud and in no way implicates a lack of plaintiffs' integrity. *Newman v. Forward Lands, Inc.,* 418 F.Supp. 134, 136 n. 1 (E.D.Pa.1976).

4

Defendants may only "remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005); *see also* 28 U.S.C. §§ 1332, 1441(b). Moreover, "if there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Boyer*, 913 F.2d at 111 (internal quotation marks and citation omitted).

Thus, if the HPDs are found to be permissibly or indispensably joined in this action, their presence destroys diversity and motivates for remand.

### 3.2    Joinder Rules: 19, 20 and 21
### 3.2.1   Rule 19: Indispensable Party Joinder

Fed. R. Civ. Proc. 19(a) governs the joinder of a party necessary and indispensable to the litigation, and states, in pertinent part: "*A person … shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may*

   *(i) as a practical matter impair or impede the person's ability to protect that interest or*
   *(ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest*".

A Rule 19 inquiry determines who is an indispensable party and should be joined in the action (*Bank of America Nat. Trust & Sav. Ass'n. v. Hotel Rittenhouse Associates*, 844 F.2d 1050, 1053-1054 (3d Cir. 1988)) and is done on a case-by-case basis. *Field v. Volkswagenwerk, AG,* 626 F.2d 293, 301 (3d Cir.1980) [*quoting* 3A James W. Moore et al., *Moore's Federal Practice* ¶ 19.07–1[2], at 19–128 (2d ed. 1979)]. If yes, the court must join, if feasible; if no, the Rule 19 inquiry ends. *Bank of America Nat. Trust etc.*, 844 F.2d at 1054.

To the point, a Rule 19(a)(1) inquiry is limited to whether the district court can grant complete relief to the persons already parties to the action, without regard to the effect such a decision may have on a severed party. *Field,* 626 F.2d at 301 [*quoting* 3A James W. Moore et al., *Moore's Federal Practice* ¶ 19.07–1[2], at 19–128 (2d ed. 1979)]. Such a severed party may seek permissible joinder under Rule 20.

Importantly, the Third Circuit has noted, if a defendant's absence precluded the district court's award of complete relief to the parties only because that defendant may need to defend against a separate action, that creates an exception swallowing the rule of indispensability. Thus, the argument that a defendant may need to defend against a separate action not only

5

insufficiently supports indispensability but renders meaningless the distinction between indispensable joinder of Rule 19 and permissive joinder of Rule 20.  *Field,* 626 F.2d at 301.

### 3.2.2   Rule 20: Permissive Joinder and Rule 21:  Misjoinder and Nonjoinder of Parties

Fed. R. Civ. Proc. 20(b)(2) governs the permissive joinder of a party to a federal action and allows multiple defendants joined in one action if:

*"(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and*

*(B) any question of law or fact common to all defendants will arise in the action."*

Fed. R. Civ. Proc. 21 provides: *"On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party".*

Rules 20 and 21 work together in that, if conditions (A) and (B) of Rule 20 are not met, a court may sever or dismiss the improperly joined defendant so long as that will not prejudice a substantial right to remedy improper joinder pursuant to Rule 21. *Sabolsky v. Budzanoski,* 457 F.2d 1245, 1249 (3d Cir.1972).  In other words, Rule 21 is a safety net against misjoinder of a dispensable party or nonjoinder of an indispensable party and gives a district court broad discretion to re-align the parties in an action according to their true interests. *In-Tech Marketing Inc., et al. v. Hasbro et al.*, 685 F.Supp. 436, 441 - 442 (D.N.J. 1988) [*citing Dawson v. Columbia Avenue Saving Fund etc.,* 197 U.S. 178, 180 (1905)].

In analyzing the first prong of Rule 20 joinder—whether the claims in the federal action arise out of the same transaction—courts in this Circuit generally apply a case-by-case approach. *Lopez v. City of Irvington*, No. 05-5323, 2008 WL 565775 at *2 (D.N.J. 28 Feb 2008).  "Transaction" is a word of fluid meaning and may signify one or many occurrences, depending not so much on the temporal immediacy of each occurrence to each other but on their logical relationship. *Lopez,* 2008 WL 565776 at *2 [*citing Boyer v. Johnson Matthew Inc.,* No. 02–8382, 2004 WL 835082, *2 (E.D. Pa. April 16, 2004)].

In analyzing the second prong of Rule 20 joinder--whether "any [common] question of law or fact … will arise in the action," courts have looked to the commonality requirement under Rule 23(a) for an analogy  (*Mosley v. Gen. Motors Corp.,* 497 F.2d 1330, 1333 (8th Cir.1974)),  which, in this Circuit, is quite a low threshold.  *Barnes v. American Tobacco Co.,* 161 F.3d 127, 141 (3d Cir.1998). To be clear, the second prong of Rule 20 requires no exact congruence of all factual and legal issues. Rather, "joinder may be permissible if there is but one question of law or fact common to the parties.' " *Morris v. Paul Revere Ins. Grp.,* 986 F.Supp. 872, 885 (D.N.J.1997) [*citing Mesa Computer Utilities, Inc. v. Western Union Computer Utilities, Inc.,* 67 F.R.D. 634, 636 (D.Del.1975)].

Consequently, conditions (A) and (B) of Rule 20 can provide support either for or against a court's decision for joinder because they can be flexibly applied. This discretion offered to a district court by Rule 20 is further supported by Rule 21. For example, even if joinder is permissible under Rule 20, a court may nonetheless exercise its discretion to sever or drop defendants upon concluding that would further the interests of judicial economy without prejudice to any party. Rule 20(b); Rules 21 and 42(b); *see Patrick Collins, Inc. v. John Does 1–43,* No. 12–3908, *3 (D.N.J. 15 Feb 2013). In this Court, "[t]he decision to sever a claim or to try it separately is left to the sound discretion of the trial court". *Rodin Properties–Shore Mall, N.V. v. Cushman & Wakefield of Penn., Inc.,* 49 F.Supp.2d 709, 721 (D.N.J.1999).

On the other hand, Rule 20 also "*alternatively* allows permissive joinder of two [sets of] defendants if the rights alleged against [the second set of] defendants are transactionally related to the claim against the *first* [set of] defendant[s]". *Demarco v. DIRECTV,* LLC, No. 14-4623,2015 WL 6525900, at *4 (D.N.J. 28 Oct. 2015) [*citing Marrakush Society v. New Jersey State Police et al.,* (multiple civil numbers) 2009 WL 2366132 at *28 (30 July 2009 D.N.J.).

An overarching principle in this Circuit is that a district court's application of Rule 20 and related joinder rules is guided "toward entertaining the broadest possible scope of action consistent with fairness to the parties; **joinder of claims, parties and remedies is strongly encouraged**." Hagan v. Rogers, 570 F.3d 146, 153 (3d Cir.2009) *quoting United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 724 (1966) [emphasis added]. Also, since Rule 20(a) "promote[s] trial convenience and expedite[s] the final determination of a case, … "joinder is well within the Court's sound discretion, and is to be liberally granted." *Bell v. Lockheed Martin Corp.,* No. 08-6292, 2010 WL 3724271, at *12 (D.N.J. 15 Sep 2010) [*citing Hagan*, 570 F.3d at 157]. Such discretion is double-edged: it demands the district court give a reasoned analysis "based on the specific fact pattern presented by the plaintiffs and claims before the court" (*Bell,* 2010 WL 3724271, at *12) but also affords wide latitude such that Rule 20 decisions are reviewed only for abuse of discretion. *Hagan*, 570 F.3d at 152.

Weaving the constraints of the removal statute and Rule 19, the flexibility inherent in joining parties under Rules 20 and 21, and the judicial inclination towards remand yields the following guidance: If the facts, transaction at issue, and/ or evidence to be adduced in the case can relate a cause of action against a first defendant to different causes of action against other defendants, who are not necessarily indispensable to the resolution of the case, a district court has not only the discretion but the inclination to retain or join those other defendants in the case, even if their joinder would destroy the court's jurisdiction and motivate for remand.

## 4.0   DISCUSSION

As in *Malibu Media, LLC v Surgent*, No.12-3905, 2014 WL 1704289, at *2 (D.N.J. 19 Apr 2013), the pending motion to sever argues improper joinder. As a preliminary matter, the Court must first determine whether the HPDs are indispensable according to Rule 19(b) in order to determine whether the motion to sever is to be decided first. If the HPDs are found indispensable, complete diversity would be destroyed and remand required. *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, (3d Cir. 1993). A party whose joinder is compulsory is one whose absence results in the inability of giving complete relief to already named parties in the action or of achieving their own complete relief. *Bank of America Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 844 F.2d 1050, 1053–54 (3d Cir.1988).

Plaintiff's primary argument for the HPDs' indispensability in this action is the risk of inconsistent and unjust verdicts if they are forced to defend against medical negligence arguments in a different state court. This is tantamount to saying complete relief may not be awarded because the HPDs may have to defend in a separate action, which the Third Circuit has stated is an insufficient justification for indispensability under Rule 19. *Field,* 626 F.2d at 301.

Ultimately, plaintiff argues that HPDs as New Jersey residents, if not viewed as indispensable, would have to separately defend against medical negligence claims in a New Jersey state court, and risk, because of differences in courts, unjust treatment. Clearly, a separate action in a New Jersey state court pursuant to New Jersey state law would not necessarily prejudice the legal rights of HPDs, New Jersey residents, even if discovery in that separate action might be duplicative of discovery in the products liability action. The Court finds the HPDs are not necessary and indispensable to this action.

However, that determination does not end the inquiry, which shifts to whether the plaintiff has asserted "*any right to relief …with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and… any question of law or fact common to all defendants will arise in the action.*" Fed. R. Civ. Proc. 20. Plaintiff contends both the products liability claims[3] and the medical malpractice claims[4] arise from the same transaction, namely the insertion of the medical devices; and damages under both claims arise only from the insertion. Defendants argue the design defect and failure to warn claims cannot implicate the same set of facts as the specifics involving the surgical behavior.

In *Mendez v. Shah, et al.*, 28 F.Supp.3d 282, 299 (D.N.J. 2014), this Court summarized the elements of showing failure to warn liability under New Jersey law: a product is defective when it lacks an adequate warning for foreseeable users that 'the product can potentially cause injury.' *Clark v. Safety–Kleen Corp.*, 179 N.J. 318, 336 (2004) [*quoting Coffman v. Keene Corp.,* 133 N.J. 581,

---

[3] for failure to warn of a dangerously defective medical device

[4] that surgeries relating to the insertions or retention of the device were negligently done because the device was defective

594 (1993)]. Plaintiff must establish: 1) defendant's duty to warn; 2) an adequate warning was lacking (*James v. Bessemer Processing Co.,* 155 N.J. 279 (1998)); and, 3) the breach of duty--the absent warning--was a proximate cause of the incurred damages. *Coffman,* 133 N.J at 594.

Neither party brings up a possible bridging argument between the product liability and medical malpractice claims, viz., the learned intermediary doctrine. This doctrine postulates when a drug or device is available only upon prescription of a duly licensed physician, the required warning provided by the drug or device manufacturer is not directed to the general public or to the patient, but to the prescribing doctor. It is the prescribing doctor, who, by virtue of being a learned intermediary, is best able to evaluate warnings, use instructions, and recommended surgical procedures, if any, and then explains the risks of surgery implanting the medical device to the patient in the context of the individual's medical circumstances.

Under New Jersey jurisprudence, the only exception to the learned intermediary doctrine arises when a pharmaceutical company has advertised its drug directly to the consuming public. *Perez v. Wyeth Labs., Inc.,* 161 N.J. 1 (1999). There, the New Jersey Supreme Court analyzed whether defendant Wyeth, the manufacturer and distributor of Norplant,[5] could invoke the learned intermediary doctrine to defend against claims of its failure to provide adequate warnings of Norplant's side effects. *Id.* at 5. The Court majority concluded Wyeth was not entitled to the benefit of the learned intermediary doctrine because of the striking shift in its direct marketing of prescription medications to the consuming public, which aimed to induce the patient's request of a medication to the doctor. *Id.* at 30-31. The Court emphasized the mass nature of Wyeth's advertising via television, radio, magazines and newspapers for Norplant. *Id.* at 12-13.

In this action, a failure to warn will implicate, under New Jersey law, determining which set of defendants—removing or health service providers or both—had a duty to warn and/or met their duty, and whether failure to warn by either set proximately caused plaintiff's damage. Ancillary to these considerations is the issue to be resolved under New Jersey law of whether removing defendants' publications regarding its device constitute advertising or labelling. *Cf. Banner v. Hoffman-La Roche Inc.*, 383 N.J. Super 364, 376-377 [plaintiffs' arguing the learned intermediary rule did not apply to defendant drug manufacturer's brochures supplied to doctors' office where patients could be directly marketed to].

Arguing for or against the application of the learned intermediary rule by each set of defendants will involve the same or very similar evidence of at least:
- the possible adequacy of removing defendants' warning;
- the possible inadequate perception / understanding of it by the HPDs;
- the possible devolution of HPD responsibility
- due to potential breaks in the learned intermediary chain; and,

---

[5] an implanted, reversible contraceptive designed to prevent pregnancy for up to five years

- the possible countermanding of the learned intermediary rule to place a different duty on the removing defendants.

Because of these similarities in the fact-finding and discovery arising from insertion of the medical devices, this Court finds that conditions A and B of Rule 20 permissive joinder have been met. In particular, plaintiff's complained of damages arise from issues of fact and law common to both sets of defendants, which focus on resolution of the liability for the failure to warn. Further, permissively retaining both sets of defendants in this action serves this Circuit's inclination to afford the broadest possible scope of action consistent with fairness to the parties in one matter (*Hagan*, 570 F.3d at 153) because, doing so, prejudices no party but confers the greatest economy in managing depositions and discovery.

### 5.0    PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES AND COSTS

Plaintiff requests attorneys' fees and costs from removing defendants for improperly removing this action to federal court by not complying with the rule of unanimity required under §1447 (b), that is, for failing to obtain unanimous consent of all defendants before removing. Plaintiff cites *Step Plan Services, Inc. v. Koresko*, 219 Fed. Appx. 249 (3d Cir. 2007). The implication of *Koresko* is, when a removing defendant fails to comply with the rule of unanimity, that procedural deficiency automatically deserves an award to plaintiff of its attorneys' fees and costs incurred in defending against the improper removal.

However, the Supreme Court has articulated a more general standard. Awarding fees "should turn on the reasonableness of the removal" and "courts may award attorneys' fees under 1447 (c) only where the removing party lacked an objectively reasonable basis for seeking removal". *Martin v. Franklin Capital Corp.,* 546 U.S.132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied". *Id.*

Comprising only a few paragraphs and lacking any articulation of the reasonableness of the removal, *Koresko* not only leaves no guidance but merely exemplifies a single instance of awarding attorneys' fees for a procedurally deficient removal. However, in *Owcen Loan Servicing LLC v. Masino*, No. 15-8699, 2016 WL 4154139 (D.N.J. 2 Aug 2018), this Court has more closely followed the Supreme Court's direction in *Martin*. There, although defendant Masino's removal violated the rule of unanimity—in fact, one of the other defendants even objected to the removal—this Court refused to award attorneys' fees and costs despite that remand was warranted. *See Owcen Loan*, 2016 WL 4154139 at *3, citing Siebert v. Norwest Bank Mn.,* 166 Fed. Appx. 603, 606-07 (3d Cir. 2006) that the decision to award fees under §1447 (c) is discretionary and *relying on Martin*, 546 U.S. at 141 that such an award is generally improper unless removal lacked an objectively reasonable basis. Moreover, in *Pinnacle Choice, Inc. v. Silverstein*, No. 07-5857, 2008 WL 2003759 (D.N.J. 6 May 2008), the defendant failed to obtain unanimous consent

and this Court also declined to award attorneys' fees because defendant's removal had a reasonable basis.   Further, this Court in *Bauer, et al. v. Glatzer et al.*, No. 07-4501, 2007 WL 4440213, (D.N.J. 17 Dec 2007) stated "[T]he basis for [a second defendant's] removal to the Court is not rendered unreasonable simply because [a first defendant] did not comply with the procedural requirements of 28 U.S.C. §1446(b)" and declined to award attorney's fees to plaintiffs.

Removing defendants argue their removal was procedurally proper because the joinder of the healthcare provider defendants was improper; and under 28 U.S.C. §1446(b)(2)(A), only properly joined defendants must consent to removal.  Regrettably, removing defendants' arguments provided no case law from this jurisdiction to aid the Court's determination that a reasonable basis underlies their removal.  Nonetheless, this Court relies on Supreme Court guidance in *Martin* and its own precedents in *Owcen Loan*, *Pinnacle Choice,* and *Bauer* to find their basis to remove reasonable, because their argument is that the product liability claims and the medical malpractice claims could logically and legally severed.

Even though refusing within its discretion to sever the product liability claims and medical practice claims, the Court recognizes the reasonableness of removing defendants' perception that HPDs were improperly joined to destroy diversity.  Moreover, the decision herein to remand this action does nothing to impair the reasonableness of removing defendants' arguments that the HPDs were improperly joined.

For these reasons, this Court declines to award plaintiff the requested attorneys' fees and costs.

**6.0     CONCLUSION**

For the reasons stated herein, plaintiff's motion to remand is granted, but the Court declines to award plaintiff the requested attorneys' fees and costs.  Because the remand motion has been granted, the Court recognizes its lack of jurisdiction over removing defendants' motions to sever and to dismiss under Rule 12(b)6 and does not resolve them herein.

Dated:  18 March 2019                                         <u>/s  Robert Kugler</u>
                                                              Robert Kugler
                                                              United States District Court Judge